**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1149-16T1

LEE PHILLIPS,

    Plaintiff-Appellant,

v.

KIMBERLY YORK,

    Defendant-Respondent.

_____

Argued October 2, 2017 — Decided November 6, 2017

Before Judges Ostrer, Whipple and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FD-05-0562-11.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Mr. Confusione, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

    Plaintiff Lee Phillips and defendant Kimberly York, who were never married, have a child together born in October 2009. In 2012, the parties entered into a formal custody agreement providing for joint physical and legal custody of the child.

By order entered June 13, 2016, the Family Court awarded defendant sole custody, and permitted plaintiff supervised parenting time, and reasonable telephone contact at defendant's discretion. Plaintiff's subsequent applications to the trial court seeking reestablishment of the prior shared custody and parenting time agreement were denied. Plaintiff appeals from the trial court's orders.

Following our review of the record and applicable legal principles, we reverse and remand for a plenary hearing.

I.

We derive the following facts and procedural history from the record. On May 26, 2016, plaintiff was disoriented and appeared to be intoxicated at a home improvement store, prompting the store's staff to contact the police. Having been advised by plaintiff that his son lived with him, the police contacted the local school district, obtained the child's emergency contact information, and spoke with defendant who confirmed plaintiff's history of prescription drug abuse. On the advice of the police, defendant contacted the Family Court and filed an order to show cause ("OTSC") seeking emergency custody.

At the June 13, 2016 return date of the OTSC, plaintiff acknowledged he was "out of [his] mind" at the home improvement store, but claimed he was simply dehydrated. Relying primarily

on the police report, which indicated possible drug abuse, the court continued the prior emergency order, and advised plaintiff it would review the order if plaintiff successfully completed an inpatient treatment program.

On July 22, 2016, the parties again appeared in court. Plaintiff presented documentation indicating he had completed a ten-day drug rehabilitation program, and stated he attends weekly aftercare with his medical doctor and psychiatrist. Unsatisfied with the duration of the rehabilitation program, plaintiff's lack of documentation indicating his present condition and chances of relapse, and plaintiff's demeanor in court, the court suspended all parenting time.

In August 2016, plaintiff filed two separate emergent applications with the trial court seeking modification of the June 13, 2016 order. Plaintiff submitted to the court letters and records regarding his progress and treatment. By orders entered on August 24, 2016 and August 26, 2016, the trial court denied plaintiff's applications. Among other things, the August 24, 2016 order determined nothing had changed since the July 22, 2016 order, and the August 26, 2016 order found nothing had changed since the August 24, 2016 order. Both orders incorporated the court's August

19, 2016 letter setting forth the reasons plaintiff's applications were denied.[1]

On October 4, 2016, plaintiff again filed an OTSC seeking to modify the July 22, 2016 order. A second trial judge denied plaintiff's application for failure to demonstrate emergent circumstances. On October 8, 2016, plaintiff filed another application seeking modification of the July 22, 2016 order.

On November 15, 2016, the parties appeared before the second trial judge on plaintiff's application seeking reinstatement of parenting time and defendant's cross-motion for child support.[2] Plaintiff submitted most of the same documentation previously submitted to the court. However, plaintiff did not submit any reports attesting to his current treatment and progress. Plaintiff testified that he attends individual counseling, group sessions and bi-monthly psychiatric appointments. He also stated at the time of the underlying incident, he was dehydrated from a combination of prescription Klonopin and Methadone. Unsatisfied with plaintiff's demeanor in court, and the lack of documentation establishing plaintiff was currently treating his addiction, the

---

[1] Plaintiff did not include the court's August 19, 2016 letter in his appendix. In addition, on or about August 30, 2016, plaintiff filed an emergent appeal, which we denied.

[2] It is unclear from the record whether this hearing pertained to plaintiff's October 8, 2016 application.

A-1149-16T1

trial judge adjourned plaintiff's motion.[3] The court indicated further it would relist the matter on short notice after the parties submitted "whatever documents they need."

On November 18, 2016, plaintiff filed the present appeal of the Family Court's October 4, 2016 order, and prior orders dated, August 26, 2016, August 24, 2016, July 22, 2016, July 13, 2016, and May 26, 2016 "eliminating visitation" with his son. On February 23, 2017, plaintiff filed a motion for summary disposition of his appeal, or in the alternative, emergency relief seeking visitation pending appeal. On March 27, 2017, we denied the motion, but temporarily remanded the matter to the trial court to complete, within sixty days, the hearing commenced on November 15, 2016. The order provided further that the trial court consider plaintiff's requests for interim relief, including parenting time.

On April 18, 2017, the parties appeared before a third family court judge.[4] The court declined to continue the hearing commenced on November 15, 2016, observing plaintiff had not submitted the documentation requested by prior orders, that is, a mental health assessment, risk assessment and drug evaluation. However, the

---

[3] The court also adjourned defendant's cross-motion.

[4] At some point during the November 15, 2016 hearing, the second judge apparently recused himself from the matter because he was familiar with an entity owned, in part, by plaintiff.

court granted plaintiff up to two hours of parenting time per week, supervised by a family services agency. The order also provided that a return date for the matter would be scheduled when plaintiff submitted the requisite documentation.[5]

In his instant appeal, plaintiff argues the Family Court erred in denying his motions for resumed parenting time with his son, and for doing so without affording him a hearing.

## II.

Our scope of review of the Family Part's orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We accord deference to the family courts due to their "special jurisdiction and expertise" in the area of family law. Id. at 413. The court's findings are binding as long as its determinations are "supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)).

A decision concerning custody or visitation is within the sound discretion of the judge. See Randazzo v. Randazzo, 184 N.J. 101, 113 (2005). A judge must consider a request for modification of a custody or visitation order in accordance with the procedural

---

[5] On April 27, 2017, plaintiff filed an emergent appeal, presumably of the court's April 18, 2017 order, which we denied. Plaintiff did not include our order in his appendix.

framework established in <u>Lepis v. Lepis</u>, 83 <u>N.J.</u> 139, 157-59 (1980). To establish a prima facie case for modification of a visitation arrangement, the moving party must show a substantial change in circumstances. <u>Hand v. Hand</u>, 391 <u>N.J. Super.</u> 102, 105 (App. Div. 2007). The moving party must also demonstrate the changed circumstances affect the welfare of the child such that his or her best interests would best be served by modifying the current arrangement. <u>Ibid.</u> In evaluating whether the requisite changed circumstances exist, the court must consider the circumstances that existed at the time the current order was entered. <u>Sheehan v. Sheehan</u>, 51 <u>N.J. Super.</u> 276, 287-88 (App. Div.), <u>certif. denied</u>, 28 <u>N.J.</u> 147 (1958). After considering those facts, the court can then "ascertain what motivated the original judgment and determine whether there has been any change in circumstances." <u>Id.</u> at 288.

Moreover, a plenary hearing is required when there is "a genuine and substantial factual dispute" regarding the child's wellbeing. <u>Hand</u>, <u>supra</u>, 391 <u>N.J. Super.</u> at 105. The need to hold a plenary hearing is particularly compelling where there are material factual disputes raised by the parties. <u>See</u> <u>K.A.F. v. D.L.M.</u>, 437 <u>N.J. Super.</u> 123, 137 (App. Div. 2014) ("A court, when presented with conflicting factual averments material to the issues before it, ordinarily may not resolve those issues without

a plenary hearing."). The failure to conduct a plenary hearing where there are genuine issues of fact in dispute requires reversal and remand for such a hearing. Id. at 138; see also Faucett v. Vasquez, 411 N.J. Super. 108, 119 (App. Div. 2009) ("[a]bsent exigent circumstances, changes in custody should not be ordered without a full plenary hearing."), certif. denied, 203 N.J. 435 (2010).

Here, initially, there was a basis for the court to temporarily restrict parenting time on the return date of the OTSC, pursuant to the May 26, 2016 incident. However, in seeking a change of custody and visitation, as defendant did here, the onus was on her to establish at a plenary hearing that the best interests of the child warranted full suspension of defendant's parenting time. Instead, all three judges expressed dissatisfaction with plaintiff's submissions because they were not conclusive as to his current state of sobriety and mental health status. Although the submissions were unclear and replete with hearsay, they raised a material factual dispute that should have been resolved in a plenary hearing.

Furthermore, as the second trial judge observed:

> I think you're placing too much emphasis on [the first trial judge's] order where he says that [plaintiff's] . . . recovery from substance abuse is secure. I think you're thinking that means a one hundred percent

> absolute iron-clad guarantee and I don't think that's what it means. It just means reasonable. What is reasonable . . . so that the [c]ourt can make a determination that [the child] will be safe if there's visitation with his dad.

We agree with plaintiff that the trial court should have conducted an evidentiary hearing to determine, among other things, whether plaintiff "reasonably" recovered from substance abuse such that modification of the June 13, 2016 order is in the best interests of the child. Further, a hearing was required to be conducted as soon as practicable because a "temporary decision to change custody can take on a life of its own, creating a new status quo. Nominally temporary orders involving the custody of a child have a tendency to become permanent . . . ." Peregoy v. Peregoy, 358 N.J. Super. 179, 202-03 (App. Div. 2003).

Accordingly, we must vacate the June 13, 2016 order and again remand this matter for a custody hearing. To reiterate, defendant bears the burden to establish a change in circumstances that warrant a permanent change in the previous custody agreement. At the conclusion of the hearing, the court shall consider each of the factors set forth in N.J.S.A. 9:2-4. See V.C. v. M.J.B., 163 N.J. 200, 227-28 ("[c]ustody and visitation issues . . . are to be determined on a best interests standard giving weight to the factors set forth in N.J.S.A. 9:2-4"), cert. denied, 531 U.S. 926,

121 <u>S. Ct.</u> 302, 148 <u>L. Ed.</u> 2d 243 (2000). In the interim, the trial court in its discretion may consider plaintiff's request for more liberal supervised visitation and, in so doing, is free to impose restrictions on plaintiff, such as random drug testing.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1149-16T1